FILED
CLERK
9/18/2025
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
KENNETH MILLER,

        *Plaintiff,*

      -against-

TRANS UNION, LLC, EQUIFAX INFORMATION
SERVICES, LLC, EXPERIAN INFORMATION
SOLUTIONS, INC., and JP MORGAN CHASE
BANK, N.A.,

        *Defendants.*
---------------------------------------------------------------X

**ORDER**
25-cv-03370 (JS) (JMW)

**WICKS,** Magistrate Judge:

    Plaintiff Kenneth Miller commenced this action for the alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, by Trans Union, LLC, Equifax Information Services, LLC, Experian Information Solutions, Inc., and JP Morgan Chase ("JP Morgan") (collectively, "Defendants") for failing to maintain reasonable procedures to ensure the accuracy of the information they reported about Plaintiff and failing to conduct a reasonable investigation into Plaintiff's disputed payments. (*See generally* ECF No. 1.) Before the Court is Defendant Trans Union, LLC's, Defendant Equifax Information Services, LLC's, and Defendant Experian Information Solutions, Inc.'s (the "CRA Defendants") motion to stay discovery[1] (ECF No. 29) pending a decision on the CRA Defendants' anticipated motion to dismiss the Complaint for failure to state a claim under Rule 12(b)(6) (*see* Pre-motion letters at ECF Nos. 22, 28.) Plaintiff opposes the CRA Defendants' motion to stay. (ECF No. 31.)

---

[1] Defendant JP Morgan took no position on the current motion to stay or in the pre-motion letters seeking an anticipated motion to dismiss.

1

For the following reasons, the CRA Defendants' motion to stay (ECF No. 29) is **GRANTED** in part and **DENIED** in part.

## BACKGROUND

This action concerns three JP Morgan bank accounts Plaintiff opened on October 12, 2005, May 2, 2016, and May 24, 2017, and Plaintiff's auto-pay set for these respective accounts through his M&T bank account. (*See* ECF No. 1 at ¶¶ 17-18.) As Plaintiff contends, the M&T bank account information entered "was one [] digit off" from his actual account number resulting in payments being deducted from an account Plaintiff did not have. (*Id.* at ¶¶ 19-20.) Plaintiff eventually made all missed payments on November 23, 2025 but was "surprised and frustrated to see" the late payments still were reflected on his credit report. (*Id.* at ¶¶ 26-27.) The CRA Defendants subsequently "prepared and issued credit reports concerning the Plaintiff that included inaccurate and misleading information relating to his [JP Morgan Chase] Bank accounts." (*Id.* at ¶ 28.) Plaintiff avers the information was inaccurate because the accounts reflected "an inaccurate late payment notation in July, August, and September of 2024" despite JP Morgan receiving all payments in a timely manner. (*Id.* at ¶¶ 29-30.) Similarly, Plaintiff alleges that the CRA Defendants "did not timely evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not timely make an attempt to substantially or reasonably verify that the derogatory information concerning the disputed account was inaccurate." (*Id.* at ¶¶ 38, 44.)

Consequently, Plaintiff maintains that the Defendants' failure to comply with the FCRA resulted in Plaintiff sustaining a "loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial." (*Id.* at ¶ 47.) As such, Plaintiff's action

asserts both willful and negligent violations of the FCRA against the CRA Defendants (*see id.* at ¶¶ 48-61) and JP Morgan Chase (*see id.* at ¶¶ 62-83) respectively.

## LEGAL STANDARD

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *L.N.K. International, Inc. v. Continental Casualty Company*, No. 22-cv-05184 (GRB) (JMW), 2023 WL 2614211, at *1 (E.D.N.Y. Mar. 23, 2023) (quoting *Thomas v. N.Y. City Dep't of Educ.*, No. 09-CV-5167, 2010 WL 3709923, at *2 (E.D.N.Y. Sept. 14, 2010)) (citation omitted). The mere filing of a dispositive motion, in and of itself, does not halt discovery obligations in federal court. That is, a stay of discovery is not warranted, without more, by the mere pendency of a dispositive motion. *Gagliano v. United States*, No. 24-cv-07930 (SJB) (JMW), 2025 WL 1104042, at *2 (E.D.N.Y. Apr. 14, 2025) (citing *Weitzner v. Sciton, Inc.*, No. CV 2005-2533, 2006 WL 3827422, at *1 (E.D.N.Y. Dec. 27, 2006)). Rather, "[u]nder Fed. R. Civ. P. 26(c), a district court may stay discovery during the pendency of a dispositive motion for 'good cause' shown." *Alloway v. Bowlero Corp.*, No. 2:24-CV-04738 (SJB) (JMW), 2025 WL 1220185, at *1 (E.D.N.Y. Apr. 28, 2025) (citing *Hearn v. United States*, No. 17-CV-3703, 2018 WL 1796549, at *2 (E.D.N.Y. Apr. 16, 2018). In evaluating whether a stay of discovery pending resolution of a motion to dismiss is appropriate, courts typically consider: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Brinkmann v. Town of Southold, New York*, No. 21-cv-02468 (LDH) (JMW), 2022 WL 3912974, at *1 (E.D.N.Y. Aug. 31, 2022) (citation omitted). "Courts also may take into consideration the nature and complexity of the action,

whether some or all of the defendants have joined in the request for a stay, and the posture or stage of the litigation." *Vida Press v. Dotcom Liquidators, Ltd.*, 22-cv-2044 (HG) (JMW), 2022 WL 17128638, at *1 (E.D.N.Y. Nov. 22, 2022) (quoting *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006)).

It is against this backdrop that the Court considers the present application.

## DISCUSSION

### A. Whether the CRA Defendants Have Made a Strong Showing That Plaintiff's Claims are Unmeritorious[2]

Plaintiff asserts that the CRA Defendants violated 15 U.S.C. § 1681(e) by "by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that the Bureaus maintained concerning the Plaintiff." (ECF No. 1 at ¶ 50.) Moreover, Plaintiff contends the CRA Defendants violated 15 U.S.C. § 1681i(a) by "failing to delete inaccurate information" from Plaintiff's credit file and "failing to maintain reasonable procedures" to verify the disputed information in Plaintiff's credit file. (*Id.* at ¶ 57.)

In order to state a claim under these two provisions, a plaintiff must allege facts showing that the information that the defendant reported about him is inaccurate. *Gestetener v. Equifax Info. Servs. LLC*, No. 18 Civ. 5665 (JFK), 2019 WL 1172283, at *2 (S.D.N.Y. Mar. 13, 2019) (collecting cases demonstrating that plaintiffs asserting claims under § 1681(e) and § 1681i must prove the disputed information is inaccurate). Similarly, a plaintiff fails to state a plausible cause of action under the FCRA where he does not dispute the "factual accuracy of the size of

---

[2] In considering the present motion, the Court is basing the analysis solely upon the arguments in the pre-motion letters which are not intended to prejudge the motion to dismiss in any way which will be briefed before, and considered by, the Hon. Joanna Seybert.

4

existence of the debt itself." *Hossain v. Portfolio Recovery Assocs., LLC*, No. 22-cv-5124 (DLI) (MMH), 2023 WL 6155974, at *4 (E.D.N.Y. Sept. 21, 2023).

Here, it appears at this juncture that Plaintiff's claims may not survive a 12(b)(6) motion. Though Plaintiff contends that the information furnished by the CRA Defendants was "inaccurate" in reporting Plaintiff's payments as late for the months of July, August, and September 2024 (*see* ECF No. 1 at ¶ 29), Plaintiff then concedes that he made the payments "[o]n or around November 23, 2025," thereby indicating that the payments originally due in July, August, and September were late. (*See id.* at ¶ 26); *see also Khan v. Equifax Services, LLC*, No. 18-cv-6367 (MKB), 2019 WL 2492762, at *4 (E.D.N.Y. June 14, 2019) (dismissing plaintiff's claims under sections 1681(e) and 1681i after failing to state facts demonstrating the defendant's report was inaccurate, either because it was "patently incorrect" or "misleading" to the extent that it had an adverse effect).

Moreover, instead of alleging he did not timely pay the debts on his JP Morgan accounts, Plaintiff maintains that the late payments were not his fault but rather the result of a failed attempt at setting up auto-pay. (*See* ECF No. 1 at ¶¶ 19-21.) This contention appears to be unmeritorious. *See Spira v. TransUnion, LLC*, No. 23-cv-4319 (NSR), 2024 WL 2221662, at *4 (S.D.N.Y. May 16, 2024) (dismissing plaintiff's FCRA claim because its debt "unquestionably existed as reported on his credit report and it unquestionably went unpaid"); *see also Gestetner*, 2019 WL 1172283, at *2 (dismissing § 1681(e) and § 1681(i) claims because absent from the complaint were "any factual allegations explaining why" merely having multiple delinquent dates meant that any of the delinquent dates were false and thus plaintiff's "conclusory statements" as to inaccuracies could "not survive a motion to dismiss" because the complaint lacked "factual enhancement").

At this juncture, therefore, it appears Plaintiff's claims against the CRA Defendants would not survive a motion to dismiss for failure to state a claim.

### B. Breadth of Discovery and the Corresponding Burdens

The breadth of discovery in this FCRA action weighs in favor of granting a stay considering the paper-intensive document production, like disclosures regarding recordkeeping and Plaintiff's bank account information, and potential depositions and third-party discovery related to Plaintiff's damages claims underlying this case. *See Spira v. TransUnion, LLC*, No. 23-cv-04319-NSR, 2023 WL 5664215, at *2 (S.D.N.Y. Sept. 1, 2023). The CRA Defendants also seek to dismiss the entirety of the Complaint, another factor weighing in favor of granting a stay. *See Mineo v. Town of Hempstead*, No. 22-CV-04092 (JMA) (JMW), 2023 WL 7283784, at *2 (E.D.N.Y. Nov. 3, 2023).

The fact that the stay is sought by *only* three of the four defendants in this case, however, counsels in favor of denying the CRA Defendants' motion. This is furthered by the fact that "should the Court grant a stay in discovery and motion to dismiss, the moving parties would likely nevertheless be required to participate in discovery as to the non-moving defendant," JP Morgan. *Allen v. New York State*, 24-cv-02800 (JS) (JMW), 2024 WL 4654220, at *6 (E.D.N.Y. Nov. 1, 2024); *see Hachette Distrib. Inc. v. Hudson County News Co.*, 136 F.R.D. 356, 358–59 (E.D.N.Y. 1991) (Spatt, J.) (denying the motion to stay discovery after finding that if the motion to dismiss were granted, and the action was dismissed against the moving defendants, plaintiff would likely still engage in discovery with respect to the moving defendants as non-parties). Indeed, here, the discoverable information Plaintiff may seek from JP Morgan would likely involve in some way the conduct of the CRA Defendants. *See Allen*, 2024 WL 4654200, at *5.

6

For example, Plaintiff alleges that inaccurate information was "furnished by [Defendant JP Morgan] and published by the [CRA Defendants]," notes that the CRA Defendants "notified [Defendant JP Morgan] of the Plaintiff's disputes," and contends that Defendant JP Morgan's alleged failure to conduct a reasonable investigation followed the CRA Defendants' receipt of the disputes of Plaintiff's accounts. (*See* ECF No. 1 at ¶¶ 29, 35, 36.) Accordingly, this weighs against granting the stay of discovery. *See Cambridge Capital LLC v. Ruby Has LLC*, No. 20-cv-11118 (LJL), 2021 WL 2413320, at *3 (S.D.N.Y. June 10, 2021) (denying the motion to stay discovery where discovery would have occurred regardless, even with dismissal, because the causes of action arose out of the same set of operative facts); *see also Hollins v. U.S. Tennis Ass'n*, 469 F. Supp. 2d 67, 79 (E.D.N.Y. 2006) (denying the motion to stay where the complaint alleged that the moving defendants would be important witnesses, thus, even if dismissed, those moving defendants would be subjected to discovery).

### C. Risk of Unfair Prejudice to the Party Opposing the Stay if Granted

There exists little to no prejudice if a stay is granted. The case is still in its nascent stages, the parties just appeared before the undersigned for an Initial Conference on August 18, 2025 (ECF No. 25) and, according to the Scheduling Order entered following the Initial Conference, minimal discovery has taken place. (*See* ECF No. 26 at p. 3); *see also Spira*, 2023 WL 5664215, at *2. Furthermore, Plaintiff's argument that it will be prejudiced by a stay due to the risk of spoliation of records is not convincing. *See O'Sullivan v. Deutsche Bank AG*, No. 17 Civ. 8709 (LTS) (GWG), 2018 WL 1989585, at *9 (S.D.N.Y. Apr. 26, 2018) (concluding that the risk that documents may be destroyed is "one of the usual litigation risks that affect all parties equally" and "does not constitute sufficient prejudice to warrant denying a stay of discovery . . . .") Plaintiff should instead implement litigation holds to prevent against these spoliation concerns.

7

*See Alloway v. Bowlero Corp.*, No. 24-cv-04738 (JS) (JMW), 2024 WL 4827752, at *7 (E.D.N.Y. Nov. 18, 2024).

### D.  Limited Discovery Pending the Motion to Dismiss is Appropriate

Under circumstances similar to those presented here, courts ofttimes grant in part a motion to stay discovery and permit limited discovery pending resolution of a dispositive motion. For example, in *Jakob v. JPMorgan Chase Bank, N.A.*, Defendant Exceeding Grace Enterprises moved to stay discovery pending an anticipated motion to dismiss notwithstanding, like here, the fact that Defendant JP Morgan Chase did not move for a stay. No. 22-cv-03921 (HG), 2023 WL 2386395, at *1 (E.D.N.Y. Mar. 7, 2023). The court determined that Defendant Exceeding Grace's claims were meritorious and further held that non-moving Defendant JP Morgan Chase would be unfairly burdened by a stay of all discovery. *See id.* at *2. Indeed, the court noted that "the discovery Defendant Chase [sought] from Exceeding Grace is indispensable to resolving the action and would be provided to the parties by third-party subpoena, even if Exceeding Grace is ultimately dismissed from this case." *Id.* Accordingly, the court granted in part and denied in part the motion to stay, limiting discovery by "ordering the parties to not serve interrogatories or requests for admission . . . until the motion to dismiss [was] decided." *Id.*

The same principles apply here. Like Defendant Exceeding Grace in *Jakob*, the CRA Defendants' assertions appear to be meritorious. Additionally, a burden would be imposed upon Defendant JP Morgan, like in *Jakob*, through the inevitable intertwinement of the discovery sought from the CRA Defendants and what would be sought from Defendant JP Morgan even if the CRA Defendants' motion to dismiss is granted and the claims dismissed against them. *See Al Thani v. Hanke*, No. 20-cv-4765 (JPC), 2021 WL 23312, at *2 (S.D.N.Y. Jan. 4, 2021) (granting in part and denying in part a motion to stay discovery, and permitting limiting discovery into just

the topic of location of funds, to "substantially limit the burden of discovery while avoiding any undue prejudice to Plaintiff").

## CONCLUSION

For the foregoing reasons, the CRA Defendants' motion to stay (ECF No. 29) is **GRANTED** in part and **DENIED** in part. The parties are to engage in the exchange of limited discovery until the motion to dismiss is decided which shall comprise solely of the exchange of initial Rule 26 disclosures and the service and responses of interrogatories and document demands. No depositions shall take place until further order of the court. Should the CRA Defendants' motion be granted, Plaintiff and Defendant JP Morgan are directed to file a status report within ten days of the issuance of that decision. Conversely, should the CRA Defendants' motion be denied, all parties shall file a status report within ten days of that decision.

Dated: Central Islip, New York
September 18, 2025

S O  O R D E R E D:

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge

9