UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
KENNETH MILLER,

               Plaintiff,                      ORDER
                                            25-CV-3370(JS)(JMW)

    -against-

TRANS UNION, LLC, EQUIFAX
INFORMATION SERVICES, LLC,
EXPERIAN INFORMATION SOLUTIONS,
INC., JP MORGAN CHASE BANK, N.A.

               Defendants.
-------------------------------X
APPEARANCES

For Plaintiff:     Rami Salim, Esq.
                  Stein Saks, PLLC
                  One University Plaza Drive, Suite 620
                  Hackensack, New Jersey 07601

For Defendant
Experian
Information
Solutions, Inc.:  Patrick L. Wright, Esq.
                  Jones Day
                  250 Vesey Street
                  New York, New York 10281

For Defendant
Equifax
Information
Services, LLC:    Forrest M. "Teo" Seger III, Esq.
                  Clark Hill PLC
                  1180 6th Avenue, 19th Floor, Suite 1910
                  New York, New York 10036

For Defendant
Trans Union, LLC: Camille Nicodemus, Esq.
                  Quilling Selander Lownds Winslett & Moser PC
                  10333 North Merdian Street, Suite 200
                  Indianapolis, Indiana 46290

SEYBERT, District Judge:

Presently before the Court is the motion to dismiss filed by three credit reporting agency ("CRA") Defendants: Experian Information Solutions, Inc.; Equifax Information Services, LLC; and Trans Union, LLC (collectively, the "CRA Defendants"). (See CRA Defs.' Motion, ECF No. 38; see also CRA Defs.' Support Memo, ECF No. 38-1; Pl.'s Opp'n, ECF No. 39; CRA Defs.' Reply, ECF No. 40.) The Motion seeks to dismiss allegations made under the Fair Credit Reporting Act ("FCRA") by Plaintiff Kenneth Miller ("Plaintiff"), a consumer. Plaintiff asserts the CRA Defendants furnished false and misleading information on his credit reports when they documented certain of his credit card payments as late. (See Generally Compl., ECF No. 1.) Because the information at issue was neither inaccurate nor misleading, the Court GRANTS the CRA Defendants' Motion and DENIES Plaintiff leave to amend his Complaint.

BACKGROUND

This case arises out of an apparently innocent mistake Plaintiff made while setting up automatic payments, or "autopay," on his three JPMorgan Chase ("JPMC") credit card accounts (collectively, the "JPMC Accounts"). (Compl. ¶ 17-18.) To set up autopay, a user must enter his or her bank account number, such that JPMC can automatically withdraw funds to satisfy monthly

2

balances.  (Id. ¶ 18.) When Plaintiff set up autopay on an unknown date, he inadvertently entered an M&T Bank account number with a one-digit difference from his own.  (Id. ¶ 19.) The account related to the erroneously-entered number actually belonged to an unknown and nonconsenting third party (the "Unknown Account").  (Id. at 20.) Beginning in March 2024, the payments posted to Plaintiff's JPMC Accounts were timely and automatically withdrawn from the Unknown Account.  (Id. ¶ 22.) In October 2024, Plaintiff discovered the error, immediately contacted JPMC, and asked for the affected payments to be reversed and credited to the Unknown Account.  (Id. ¶¶ 22-23.) During this initial contact with JPMC, Plaintiff asked to promptly pay off the affected payments, but a JPMC representative told him it would not accept his payments "until the payments from the [Unknown Account] were reversed."  (Id. ¶ 23-34.) On November 22, 2024, the affected payments were reversed and the Unknown Account was credited.  (Id. ¶ 25.) On November 23, 2024, Plaintiff paid his outstanding JPMC balance.[1]  (Id.)

On an unknown date, the CRA Defendants issued credit reports on Plaintiff(the "Credit Reports"), which noted his July, August, and September 2024 JPMC Account payments (the "Recorded Payments") were late.  (Id. ¶ 28-29.) On January 17, 2025,

---

[1] The Complaint states the November reversal and payments were made in November 2025, rather than November 2024.  (See Compl. ¶¶ 25-26.) This appears to be a typo, given the Complaint was filed in June 2025.

Plaintiff disputed the Recorded Payments with the CRA Defendants, providing them with a letter issued by M&T Bank.  (Compl. ¶ 33; M&T Bank Letter, Pl.'s Ex. A, ECF No. 1-1, at 1, attached to Compl.) The M&T Bank Letter explained: Plaintiff appeared to have inadvertently entered the Unknown Account number; the Recorded Payments had been returned to the Unknown Account; Plaintiff is a customer "in excellent standing at M&T Bank"; and "there [were] always sufficient funds" in Plaintiff's account while payments were withdrawn from the Unknown Account.  (Compl. ¶ 32; M&T Bank Letter at 1-2.)  However, CRA Defendants never changed their lateness notations; Plaintiff alleges they "did not timely evaluate or consider any of the information, claims, or evidence" he presented.  (Compl. ¶¶ 38-39.)

On June 12, 2025, Plaintiff filed the Complaint, alleging the CRA Defendants violated the FCRA by: (1) "failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of" the Credit Reports in violation of 15 U.S.C. § 1681(e), and (2) "failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file

4

of the Plaintiff," resulting in a negligent violation of 15 U.S.C. § 1681i(a).[2]  (Compl. ¶¶ 48-61.)

On December 22, 2025, the CRA Defendants served the Motion, arguing they accurately reported the Recorded Payments as late.  (CRA Defs.' Support Memo at 1-2.) In his January 29, 2026 Opposition, Plaintiff asserts marking the Recorded Payments as "late" without additional context is plausibly misleading, as it ignores his willingness and ability to pay and the Unknown Account covering the balances on time. (Pl.'s Opp'n at 5.) Plaintiff also asserts the CRA Defendants failed to undertake a reasonable investigation of his claims, a question Plaintiff presents as fact-sensitive and thus independently warranting against dismissal.  (Id. at 6.)  The CRA Defendants filed a Reply on February 20, 2026.  (See Generally CRA Defs.' Reply.)

DISCUSSION

I.   Applicable Law

    A.   Rule 12(b)(6)

A claim is properly dismissed pursuant to Rule 12(b)(6) where it "fail[s] to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  In determining whether to grant a Rule 12(b)(6) motion, courts must "accept as

---

[2] Plaintiff also filed FRCA claims against JPMC, which are not at issue in this Motion.  (See Compl. ¶¶ 62-83.)

true the factual allegations contained in the complaint and draw all inferences in plaintiff's favor." Glob. Network Commc'ns, Inc. v. City of N.Y., 458 F.3d 150, 154 (2d Cir. 2006). To survive a motion to dismiss, Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Basile v. Levittown United Tchrs., 17 F. Supp. 3d 195, 200 (E.D.N.Y. 2014) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do[.]" Twombly, 550 U.S. at 555 (internal citations omitted).

B.    The FCRA

The FCRA requires CRA's to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates" when preparing any consumer report. 15 U.S.C. § 1681e(b). "A consumer harmed by a CRA's failure to follow such reasonable procedures may bring a civil action against the CRA." Sessa v. Trans Union, LLC, 74 F.4th 38, 42 (2d Cir. 2023).

6

"[T]he threshold question" in an FCRA case "is whether the challenged credit information is accurate; if the information is accurate, no further inquiry into the reasonableness of the consumer reporting agency's procedures is necessary." Khan v. Equifax Info. Servs., LLC, No. 18-CV-6367, 2019 WL 2492762, at *2 (E.D.N.Y. June 14, 2019) (quoting Neclerio v. Trans Union, LLC, 983 F. Supp. 2d 199, 209 (D. Conn. 2013)). "[T]he overwhelming weight of authority holds that a credit report is inaccurate either when it is patently incorrect or when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect." Shimon v. Equifax Info. Servs. LLC, 994 F.3d 88, 91 (2d Cir. 2021) (quoting Khan, 2019 WL 2492762, at *3 (E.D.N.Y. June 14, 2019)). "[A]llegedly inaccurate information reported on a consumer's credit report must be objectively and readily verifiable to be actionable[.]" Sessa, 74 F.4th at 42. A statement that is technically factually correct may be materially misleading where a Plaintiff can establish "that the information provided ... is open to an interpretation that is directly contradictory to the true information." Krausz v. Equifax Info. Servs., LLC, 2023 WL 1993886, at *11 (S.D.N.Y. Feb. 14, 2023) (quoting Gross v. Private National Mortgage Acceptance Company, LLC, 512 F. Supp. 3d 423, 426 (E.D.N.Y. 2021)).

II.  Application

    A.  The Credit Reports Contained Literally Accurate Information

The parties do not dispute Plaintiff's failure to pay the Recorded Payments until November 2024—after they were due.  The Credit Reports were thus literally accurate in identifying the Recorded Payments as late.  See Shimon, 994 F.3d at 91-92.  Since the Credit Reports were literally accurate, Plaintiff must accordingly show the late notations were nonetheless materially misleading to prevail against the CRA Defendants' Motion.

    B.  The Credit Reports Were Not Materially Misleading

Plaintiff contends "a reasonable user could be materially misled by uncontextualized delinquency codes" into believing he lacked funds to pay on time.  (Pl.'s Opp'n at 4-5.) Plaintiff's contention is purely speculative.[3]  Moreover,

---

[3] The Court also observes, in a conclusory manner, devoid of supporting factual allegations, Plaintiff alleged: "[i]f not patently inaccurate[,] the late payments are still materially misleading."  (Compl. ¶ 40.) He then generally alleges, again without the benefit of any supporting factual allegations, "[p]otential credit grantors reviewed Plaintiff's credit reports, as evidenced by soft and hard pulls on Plaintiff's credit reports."  (Id. at ¶ 41.) Such bare pleadings are insufficient to plausibly allege the credit reports were materially misleading.  See, e.g., Iqbal, 556 U.S. at 679 (instructing bare-boned and conclusory factual allegations do not "permit the Court to infer more than the mere possibility of misconduct," which does not satisfy the plausibility pleading standard).

Plaintiff cites to no authority finding such notations are misleading. To the contrary, multiple recent FCRA cases adjudicating autopay-related late payments have found such notations were not misleading.

In Spira v. TransUnion, LLC, an FCRA plaintiff argued CRA's did "not accurately reflect Plaintiff's willingness and ability to pay" when they recorded his autopay-related late payments as late. No. 23-CV-4319, 2024 WL 2221662, at *4 (S.D.N.Y. May 16, 2024). While the court said it did "not necessarily disagree and [was] sympathetic to Plaintiff's position," it rejected his argument and explained fault is not relevant to determining the payments were accurately reported as late. Id. Similarly, the court in Silber v. TransUnion, LLC explained "reporting of missed payments does not carry any deceptive inference that plaintiff did anything other than fail to make timely payments, which Plaintiff does not dispute" in rejecting an FCRA claim made by a plaintiff contesting late notations on autopay-related late payments. Silber, No. 23-cv-07182, 2025 WL 588620, at *4 (S.D.N.Y. Feb. 2025). And in Goldenberg v. TransUnion, LLC, a court in this District also rejected FCRA claims made by a plaintiff who alleged she had "'an issue with autopay' even though [she] had sufficient funds in her account," because "no interpretation of her credit report

directly contradicts the truth, which is that Plaintiff's payments to [a creditor] were, in fact, late." No. 23-CV-9514, 2025 WL 2200486, at *1, *5 (E.D.N.Y. Aug. 1, 2025).

These authorities warrant a similar result here. As in Spira, this Court is sympathetic to Plaintiff's position, given the M&T Bank Letter's representations and Plaintiff's promptness in correcting the autopay issue. See Spira, 2024 WL 2221662, at *4. But Plaintiff undisputedly did not make the Recorded Payments when they were due. Regardless of the circumstances surrounding the Recorded Payments, there is nothing misleading about the CRA Defendants documenting late payments as such. See No. 23-cv-7182, 2025 WL 588620, at *4; Goldenberg, 2025 WL 2200486, at *5. Plaintiff's argument that he should be credited because JPMC withdrew "timely monthly credits for July through September 2024" from the Unknown Account is entirely unavailing. (Pl.'s Opp'n at 4.) That an unknown, nonconsenting third party had funds inadvertently withdrawn from his or her account to cover Plaintiff's balances does not satisfy Plaintiff's obligation to pay his debts in a timely manner. Accordingly, Plaintiff has failed to demonstrate the reports were materially misleading.

C. Plaintiff's Reinvestigation Claims Do Not Defeat Dismissal

"Courts evaluating whether a CRA failed to conduct a

reasonable reinvestigation look to whether there were in fact inaccuracies in the credit report, because a 'plaintiff asserting claims under § 1681i must demonstrate that the disputed information is inaccurate in order to prevail on allegations that a consumer reporting agency had failed to reasonably reinvestigate a disputed item.'" Jones v. Experian Info. Sols., Inc., 982 F. Supp. 2d 268, 272 (S.D.N.Y. 2013) (quoting Fashakin v. Nextel Commc'ns, No. 05-CV-3080, 2009 WL 790350 (E.D.N.Y. March 25, 2009)). Because Plaintiff has failed to plausibly allege the Credit Reports were either inaccurate or materially misleading, his claim that "the reinvestigation claim under 15 U.S.C. § 1681i independently defeats dismissal" is unavailing. (Pl.'s Opp'n at 6.)

> D.   Leave to Amend Would be Futile

In his Opposition, Plaintiff asserts leave to amend his complaint should be granted "should the Court deem it necessary." (Pl.'s Opp'n at 7.) Rule 15 of the Federal Rules of Civil Procedure requires courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); see also Williams v. Citigroup Inc., 659 F.3d 208, 212-13 (2d Cir.2011) (stating Rule 15's permissive standard "is consistent with our strong preference for resolving disputes on the merits" (further citation omitted)). However, because Plaintiff does not allege a false or misleading statement, granting leave to amend would be futile. See Braun v.

11

Trans Union LLC, No. 19-CV-6098, 2019 WL 13083348, at *3 (C.D. Cal. Oct. 10, 2019) (denying amendment request since plaintiff "cannot possibly allege additional facts to cure the defect in her [FCRA] complaint [ . . . ] because [she] cannot allege that there is an inaccurate statement on her report")). Accordingly, Plaintiff's request is denied.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the Motion is GRANTED to the extent all claims against the CRA Defendants are dismissed without leave to amend.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: April 3, 2026
Central Islip, New York

12